The opinion of the Court was delivered by
Fkost, J.
This was an action of assumpsit, brought to recover the difference between the price of a steam saw mill, which the defendant had contracted to pay, and the sum for which it was re-sold by the plaintiffs, after the defendant had refused to perform his contract. There was evidence of an offer by the plaintiffs to perform the contract, on their part, and of the refusal *253 of the defendant to comply with his contract: a report of which was not required by the ground of appeal. The only question submitted for the judgment of the Court is, whether it was necessary, in order to maintain their action, that the plaintiffs should prove the tender of a title deed to the defendant. It was ruled on the Circuit that it was not necessary ; and the jury, so instructed, found a verdict for the plaintiffs. This instruction dispensed with the inquiry whether the defendant had waived the tender of a title deed, and discharged the plaintiffs from making it: and so, that issue, with the evidence pertinent to it, was not submitted to the jury.
In an action of assumpsit, the plaintiff must prove a consideration for the promise or undertaking which is the subject of the action. In the case of mutual promises, such as wagers, the promise of each is a consideration for the promise of the other, and no act is necessary to be done by either to establish the liability of the other. But when the consideration of a promise is . some act to be done by the promisee, he cannot maintain an action on the promise, without proving that he has performed what he was bound to do. In a contract of sale, the consideration of the promise of the buyer to pay the price is, that he shall have the thing bought: and the consideration of the seller’s undertaking to transfer to the buyer the subject of sale, is the receipt of the price which the buyer has contracted to pay. If a chattel be sold, the obligation of the buyer to pay the price is complete by the delivery of it: and the obligation of the seller to deliver is complete by the payment of the price. If one party renounces the contract, and thereby prevents performance by the other, it is necessary that the party seeking to enforce the contract should do all which it is in his power to perform. The buyer must tender the price, and the seller must tender the chattel, before either can maintain an action against the other, unless the tender be waived by the conduct of either party, or would otherwise be nugatory. Possession of a chattel is evidence of property ; and the title may be transferred by delivery merely ; •and proof of the tender of a chattel is, therefore, sufficient to *254 maintain an action on the contract against the buyer. The effect and obligation of the contract is the same, whether the subject of sale is land or a chattel; though performance, on the part nf the seller, is varied by the subject of the sale. The title to land can be transferred only by deed. The execution and delivery of a deed of conveyance is essential to the performance of the seller’s contract. When, as in this case, the agreement of the parties is concurrent, and to be executed at the same time, if the buyer is ready to comply with his contract, payment of the price cannot be required unless a title deed is ready to be delivered. If the buyer refuses to comply, the seller has not performed all that is in his power to do, if he does not make a tender of a deed. The purchaser may justify a refusal to pay when the tender of a title deed, which he may demand as the condition of payment, is not made. Unless, therefore, the purchaser has waived the tender, or has otherwise made it nugatory by his own act or conduct, to an action for non-performance of his contract, he may avail himself of the defence that no title deed was tendered.
It follows from this view of the subject, that the plaintiffs cannot maintain any action against the defendant for non-performance of his contract, without proving on their part performance, or tender of performance, or that they were excused from such tender by the conduct of the defendant; and it could make no difference whether the action had been brought for the purchase money or for damages. The point made in this case has been directly decided in Law vs. House, 3 Hill, 270,; Breithaupt vs. Thurmond, 3 Rich. 216 ; and Tharin vs. Fickling, 2 Rich. 361. To the same effect are the cases of Glazehrook vs. Woodrow, 8 T. R. 370 ; and Jones vs. Barkley, 2 Doug. 686.
The motion for a new trial is granted.
O’Neall, Evans, Wardlaw and Withers, JJ. concurred.
Whitner, J. absent.

Motion granted.